**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                                     **CASE NO. 21-21042-BKC-MAM**

**CITY VISION NATIONAL**                         **Chapter 7**
**REVITALIZATION LLC,**

     **Debtor.**
_____/

**MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULE 9019 APPROVING**
**SETTLEMENT AND COMPROMISE BETWEEN TRUSTEE, NICOLE TESTA**
**MEHDIPOUR AND CBC MORTGAGE AGENCY; AND MOTION TO APPROVE**
**ALLOWANCE AND PAYMENT OF CONTINGENCY FEES AND COSTS**
**TO ESTATE COUNSEL**

    NICOLE TESTA MEHDIPOUR, the Chapter 7 Trustee (the "Trustee") of the bankruptcy

estate of City Vision National Revitalization LLC (the "Debtor"), pursuant to Rule 9019 of the Federal

Rules of Bankruptcy Procedure, by and through undersigned counsel, hereby moves for entry of an

Order authorizing the compromise and settlement between the Trustee and CBC Mortgage Agency

("CBC") (together with the Trustee, the "Parties") which is attached hereto as *Exhibit A* (collectively,

the "Settlement"); and also for approval of payment of fees and costs to Ido J. Alexander, Esquire of

AlignX Law ("Special Counsel") and Nicole Testa Mehdipour, Esquire of the Law Office of Nicole

Testa Mehdipour, P.A. ("General Counsel") pursuant to the approved contingency fee arrangement.

In support of these Motions (the "Motions"), the Trustee states as follows:

**BACKGROUND**

*Pre-Petition Relationship between Debtor and CBC Mortgage Agency*

    1.    Debtor was in the business of purchasing residential real properties at a discount

throughout the country, substantially renovating them, and selling them for what it believed would

be a profitable venture (but never was).

2.     On June 5, 2019, CBC and Debtor entered a *Construction Loan and Security Agreement*, whereby CBC agreed to provide a loan facility in the amount of $3,000,000.00, for the purpose of acquiring residential real properties throughout the country. Since each loan was provided for a particular property, the Debtor was required to execute notes and accompanying mortgage or deed of trust in favor of CBC, as a security for the indebtedness. CBC was required to promptly record the deeds of trust or mortgage to perfect its interest.

### The Bankruptcy Case and Filing of Deeds of Trust
### within the Preference Period

3.     On November 19, 2021, certain petitioning creditors filed an Involuntary Petition for relief [ECF # 1].

4.     On January 5, 2022, the Court entered order for relief in involuntary case [ECF # 8], and on February 1, 2022, Nicole Testa Mehdipour was appointed Chapter 7 Trustee [ECF # 14].

5.     As of the Petition Date, Debtor owned three (3) real properties against which CBC recorded deeds of trust to secure their indebtedness; however, even though the deeds of trusts were executed at the time of the draw and funding of funds by CBC, the recording dates occurred significantly after the execution of the deeds of trusts, as detailed in ***Exhibit A*** to the Stipulation of Settlement.

6.     On March 30, 2022, CBC filed a secured claim in the amount of $1,263,921.68 [Claim No. 1-1], which claim asserts security interests in various properties that were no longer

owned by the Debtor as of the Petition Date, except for the three properties listed above. [1]

7.    On September 24, 2021, the Debtor paid CBC the sum of $34,098.70 for an antecedent debt outstanding, the previously executed notes for the properties described above, as well as other properties for which were outstanding at the time of the payment.  The Trustee asserts the payment history was irregular and does not evidence regular monthly payments in the amount transferred on September 24, 2021.

### *Bankruptcy Estate Sale of the Real Properties*

8.    Between August and September 2022, the Trustee sold certain properties pursuant to bankruptcy court orders, and based on CBC's consent to the sale, with any liens attaching to such proceeds while a full determination as to the liens is completed.

9.    To date, the sale of the above-described three properties generated the total sum of $980,178.24 (the "Sale Proceeds").[2] The Trustee is holding those proceeds in the Estate's fiduciary accounts in trust,[3] and against liens asserted by CBC and preferential transferred received by (same) in the amount of $836,964.91 as of March 15, 2023, and accruing interest and fees *($120.71 per diem accrual)* (together, the "Asserted Liens"). Pursuant to the terms of the Settlement, the amount avoided is fixed as of that date.

### *Trustee's Investigation and Demands*

10.    After her investigation, the Trustee determined that CBC recorded its security

---

[1]    Claim No, 1-1 included a $32,000.00 secured claim amount that was associated with the Nautilus Property and for which there is no evidence of any deed of trust in existence or that was ever recorded.

[2]
| Holland Property | $ 342,496.92 |
| Nautilus Property | $ 338,040.58 |
| Graham Property | $ 299,640.74 |
| Total Held by Estate: | $980,178.24 |

[3]    The amount on hand is less any applicable bank fees.

instruments in the foregoing listed real properties within 90 days of the Petition Date, and significantly after the 30 days provided for recordation pursuant to 11 U.S.C. §547(e). Specifically, all the Deeds of Trusts, as detailed above, were recorded **after** August 21, 2021: three (3) of the Deeds of Trusts were recorded on August 24, 2021, while four (4) were recorded on August 26, 2021.[4]  The Trustee asserts that, pursuant to 11 U.S.C. §§ 547(b) and (e), the perfection of the liens, constitute preferential transfers that are subject to avoidance and recovery under 11 U.S.C. §§ 550 and 551 (collectively, the "Preferential Transfers").  The Trustee further determined that on September 24, 2021, the Debtor paid CBC $34,098.70; which payment, the Trustee asserts, is subject to avoidance and recovery pursuant to 11 U.S.C. §§ 547(b) and 550(a) (the "Preference Payment") (together the Preferential Transfers and Preference Payment shall be referred to as the "Avoidable Transfers").

### The Settlement Terms

11.     Following a formal demand[5] made and good faith negotiations, the Trustee and CBC reached a compromise, on the terms set forth in the Settlement, to avoid the cost and uncertainty of further litigation.

12.     CBC and the Trustee have agreed to the following terms of Settlement[6] are detailed below:

---

[4]      For specific dates of recordation refer to the above detailed specific property/notes/deed of trust recording date information detailed in *Exhibit A* to the Stipulation of Settlement.

[5]      On January 4, 2023, the Trustee sent a demand letter to CBC demanding consent to an order: (a) determining the avoidance of its liens in the proceeds of the sale – such proceeds are currently held by the Trustee in the Estate's fiduciary account (such avoidance shall constitute the recovery by the estate of those lien amounts from the sale proceeds); and (b) determining the entirety of claim no. 1-1 as general unsecured claim (the "Trustee's Demand"). Pursuant to the the Trustee's Demand, the Trustee requested that CBC be required to pay the bankruptcy estate, within twenty (20) days from the date of the Demand, the sum of $34,098.70.

[6]  In the event of any discrepancy or conflict between the settlement terms stated in this Motion and the Stipulation of Settlement, the Stipulation shall govern.

a. Any lien, claim, security interest, mortgage, encumbrance (by CBC) is hereby avoided pursuant to 11 U.S.C. § 547(e) and any portion of the Sale Proceeds secured by such avoided lien shall be deemed recovered by the Trustee for the benefit of the estate per 11 U.S.C. §550. Accordingly, CBC waives all right, title and interest in the Sale Proceeds and any claims resulting thereof except as set forth in 1(d) below;

b. The Preference Payment is hereby avoided and shall be deemed recovered per 547(a) and 550(a). Said amount shall be reduced from any distribution to CBC. Claim 1-1 shall be reclassified and allowed in its entirety as a general, non-priority unsecured claim.

c. Pursuant to 11 U.S.C. §§ 547(b) and (e), the perfection of the liens, constitute preferential transfers that are subject to avoidance and recovery under 11 U.S.C. §§ 550 and 551;

d. Claim no. 1-1 shall be deemed a timely, allowed, general unsecured claim to be paid according to the Bankruptcy Code's priority scheme, pursuant to the terms of the foregoing Order; however, the preference sum of $34,098.70 will be treated as a dollar-for dollar-reduction against any distribution received by CBC.

e. CBC waives any 11 U.S.C § 502(h) claim in the amount of $34,098.70.

f. In addition, in the event the Court approves the Agreement, the Parties request the Court also enter a separate *Order Determining Preference Transfers, Avoidance and Recovery* (the "Proposed Order"). Attached thereto the Agreement as ***Exhibit B*** is the Proposed Order contemplated by the Agreement. Pursuant to the terms of the Agreement, the Debtors waived the adversary requirement prescribed in Bankruptcy Rule 7001, and agreed to entry of the Proposed Order in an effort to preserve judicial resources.

## <u>THE SETTLEMENT SHOULD BE APPROVED</u>

13.    Pursuant to the Motions, and in accordance with Bankruptcy Rule 9019(a), the Trustee respectfully requests that the Court enter an Order (i) approving the Settlement; (ii) directing the Parties to carry out the terms of the Settlement; and (iii) approving the Trustee's payment of the fees and costs to Special Counsel and General Counsel.

14.    A starting point in analyzing any proposed settlement agreement is the general policy of encouraging settlements and favoring compromises. *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (recognizing that the law favors compromise of disputes); see also *Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *Florida Trailer and Equip. Co. v. Deal*, 284

F.2d 567, 571 (5th Cir. 1960). The standard by which courts evaluate a proposed compromise and settlement is well established. In bankruptcy, the court should approve a proposed compromise and settlement when it is fair and equitable and in the best interests of the debtor's estate and its creditors. See *In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's Inc.*, 27 B.R. 798, 801 (D. Del. 1997); In re Texaco, 84 B.R. 893, 901-02 (Bankr. S.D.N.Y. 1988); *Depo v. Chase Lincoln First Bank, N.A. (In re Depo)*, 77 B.R. 381, 383 (N.D.N.Y. 1987), aff'd, 863 F.2d 45 (2d Cir. 1988).

15.    Approval of a settlement in bankruptcy proceedings is within the sound discretion of the court, and will not be disturbed or modified on appeal absent a showing of abuse of discretion. *In re Arrow, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988); *In re Jackson Brewing Co.*, 624 F.2d 599 (5th Cir. 1980).

16.    Under the well-established standard for consideration of the merits of a settlement, a settlement should be approved unless it "[falls] below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. at 1016; *In re Arrow Air*, 85 B.R. at 891; see also *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir.), *cert. denied sub nom. Benson v. Newman*, 409 U.S. 1039 (1972)).

17.    In determining whether a settlement is within the range of reasonableness, the Court should consider four principal factors: (1) the probability of success in the litigation; (2) difficulties to be encountered in collection; (3) the complexity of the litigation and related expense and inconvenience; and (4) the interests of the creditors. *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (7th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990); *In re Bicoastal Corp.*, 164 B.R. at 1016; *In re Arrow Air*, 85 B.R. at 891; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. at

249; *see also Aetna Cas. & Sur. Co. v. Jasmine, Ltd. (In re Jasmine, Ltd.)*, 258 B.R. 119, 123 (D.N.J. 2000); *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir.), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854 (1986).  These factors seek to balance the probable benefit and potential cost of pursuing a claim or defense against the costs of the proposed settlement.

### *Probability of Success in Litigation*

18.    In evaluating the proposed Settlement, the Trustee carefully considered the probability of success in litigating the Avoidable Transfers.  Though the Trustee maintains that litigation would yield a benefit to the estate in absence of a settlement, in evaluating the anticipated time and delay, any potential uncertainty of litigation and associated expense to the estate in continuing litigation, the benefits of the Settlement outweigh the costs.

### *Difficulties in Collection*

19.    The Settlement involves the resolution of a cause of action by the Debtor's estate.  The Trustee will have no difficulties in collection as the bankruptcy estate is currently holding the funds in dispute, however, the Settlement will avoid any potential difficulty or uncertainty in having to litigate the right to the Asserted Liens.

### *Complexity of the Issues and Attendant Expense and Delay*

20.    The Trustee recognizes that litigating the Avoidable Transfers will be a time consuming and expensive process, which would not be in the best interests of the estate and creditors, and the Settlement will allow the Trustee to administer the estate more expeditiously.

### *Interests of the Creditors*

21.    The proposed Settlement is in the best interests of creditors and the estate as it provides

bankruptcy estate a total benefit of $686,455.48,[7] as compared to an amount of $111,213.09, if unsuccessful in litigation. Thus, providing the bankruptcy estate more than **500% increase in value**, in the best interests of creditors.

22.    Based on the foregoing, the Trustee submits that each of the standards established by *In re Justice Oaks II, Ltd.* has been satisfied, that the Settlement and the Settlement Amount falls well within the range of reasonableness, and that approval of the Settlement is in the best interests of the Debtor's estate.

**CONTINGENCY FEES AND COSTS SHOULD**
**<u>BE PAID WITH APPROVAL OF SETTLEMENT</u>**
*Terms of Retention of Professionals*

23.    On May 3, 2022, and effective as of March 3, 2022, the Court approved the Trustee's retention of Nicole Testa Mehdipour, Esquire of the Law Office of Nicole Testa Mehdipour, P.A., to serve as General Counsel pursuant to 11 U.S.C. §327(a), to assist with respect to many aspects of this case, and proposed to compensate on an hourly basis subject to allowance by this Court [ECF # 33]. On July 22, 2022 Ms. Mehdipour's retention was modified to a 17.5% contingency fee solely in connection with the pursuit of various potential avoidance actions under Chapter 5 of the Bankruptcy Code, including potential preference actions pertaining to avoidance of recorded mortgages as well as payments to insiders [Order, ECF #56, Motion, ECF #48, fn. 2].  Pursuant to the Motion and Order, the fees include, "without limitation, all work performed with respect to the Avoidance Actions, including without limitation, investigations, demands, filing of lawsuits if appropriate, settlements to extent reached, as well as prosecutions of post-judgment matters such as collection and execution." [Order, ECF #56, ¶ 3; Motion, ECF #48, ¶7].

---

[7] Total held by the estate less amount of contingency fees and costs paid.

24.     On May 3, 2022, and effective April 7, 2022, the Trustee also retained Ido J. Alexander of AlignX Law to serve as her Special Counsel pursuant to 11 U.S.C. §327(e) to assist and proposed to compensate him on an hourly basis subject to allowance by this Court [ECF # 34]. On July 22, 2022, Mr. Alexander's retention was modified to a 17.5% contingency fee solely in connection with the Avoidance Actions.  Pursuant to the Motion and Order, the fees include, "without limitation, investigations, demands, filing of lawsuits if appropriate, settlements to extent reached, as well as prosecutions of post-judgment matters such as collection and execution." [Order, ECF #55, ¶ 3; Motion, ECF #50, ¶7].

### *Proposed Fees to Be Paid*

25.     Pursuant to the approved Contingency Fee Arrangement, the Trustee proposes to pay the following:

| **Professional** | **Fees** | **Costs** | **Total** |
|---|---|---|---|
| ***Special Counsel***<br>Ido J. Alexander, Esquire of AlignX Law | **$146,468.86[8]** | **$784.80[9]** | **$147,253.66** |
| ***General Counsel***<br>Nicole Testa Mehdipour, Esquire of the Law Office of Nicole Testa Mehdipour, P.A. | **$146,468.86[10]** | **$0.00** | **$146,468.86** |

26.     Accordingly, the Trustee requests authority to award and pay the foregoing fees and costs upon approval of the settlement.

**WHEREFORE**, Nicole Testa Mehdipour, the Trustee, respectfully requests that the Court enter two Orders, in substantially the forms attached hereto as ***Exhibit B*** to this Motion and ***Exhibit***

---

[8]  The contingent fee is calculated based on the amount to be avoided and recovered, or $836,964.91. Special Counsel is entitled to a 17.5% contingent fee and General Counsel is entitled to 17.5% contingent fee. Accordingly, each is entitled to $146,468.86.

[9] Costs include printing and postage/express mail, court reporter and transcript.

[10] See FN # 8.

*B* to the Stipulation of Settlement: (i) granting the Motions; (ii) approving the Settlement; (iii) authorizing, and directing the Trustee and counsel to take any and all necessary actions to effectuate the terms of the Settlement in a timely and expedited manner; (iv) approving and authorizing the Trustee's payment to Ido J. Alexander, Esquire of AlignX Law, in the total amount of **$147,253.66**, representing attorneys' fees of **$146,468.86**, and costs of **$784.80**, to Ido J. Alexander, Esquire of AlignX Law; (v) approving and authorizing the Trustee's payment to Nicole Testa Mehdipour, Esquire of the Law Office of Nicole Testa Mehdipour, P.A., in the total amount of **$146,468.86**, representing attorneys' fees of **$146,468.86**, and costs of **$0.00**; and (vi) granting such other and further relief as this Court deems just and proper.

Dated: April 28, 2023

LAW OFFICE OF NICOLE TESTA MEHDIPOUR, P.A.
*General Counsel for Trustee*
6278 N. Federal Highway, Suite 408
Fort Lauderdale, FL 33308
Tel: (954) 858-5880   Fax: (954) 208-0888

/s/ Nicole Testa Mehdipour
Nicole Testa Mehdipour
Florida Bar No. 177271
NicoleM@ntmlawfirm.com

-and-

ALIGNX LAW
*Special Counsel to the Trustee*
12555 Orange Drive, Suite 4159
Davie, Florida 33330
Telephone: (954) 686-7399

By:/s/ Ido J. Alexander
    IDO J. ALEXANDER, ESQ.
    Florida Bar No. 51892
    ija@AlignXLaw.com

**EXHIBIT A**

**<u>STIPULATION OF SETTLEMENT</u>**

# EXHIBIT A
## STIPULATION FOR SETTLEMENT

**THIS SETTLEMENT AGREEMENT** (this "Settlement Agreement") is made by and between Nicole Testa Mehdipour, as Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the Bankruptcy Estate of *In re City Vision National Revitalization LLC* ("City Vision" or the "Debtor") and CBC Mortgage Agency ("CBC") (hereinafter, referred to collectively as the "Parties").

**WHEREAS**, on November 19, 2021 (the "Petition Date"), creditors Charles W. Uhrig Family Trust #1 and Charles W Uhrig Family Trust #2, by and through John Hoffmann as Trustee, and Regina Lanes, filed their Chapter 7 Involuntary Petition against City Vision National Revitalization, LLC under Case No. 21-21042-MAM (the "Case");

**WHEREAS**, on January 5, 2022, the order for relief in the involuntary case was entered, and on February 1, 2022, Nicole Testa Mehdipour was appointed as the Chapter 7 Trustee for the bankruptcy estate of the Debtor (the "Estate");

**WHEREA**S, the Trustee by and through her counsel reviewed and analyzed the Debtor's books and records, public records and conducted a two-day examination of the Debtor's representatives under oath;

**WHEREAS**, on June 5, 2019, CBC and Debtor entered a *Construction Loan and Security Agreement*, whereby CBC agreed to provide a loan facility in the amount of $3,000,000.00, for the purpose of acquiring residential real properties throughout the country;

**WHEREAS**, since each loan was provided for a particular property, the Debtor was required to execute notes and accompanying mortgage or deed of trust in favor of CBC, as a security for the indebtedness;

**WHEREAS**, CBC was required to promptly record the deeds of trust or mortgage to perfect its interest;

**WHEREAS**, as of the Petition Date, there were three (3) real properties owned by the Debtor, against which CBC recorded deeds of trust to secure their indebtedness; however, even though the deeds of trusts were executed, the recording dates occurred significantly after the execution of the deeds of trusts, detailed in the attached *Exhibit A*.

**WHEREAS**, on March 30, 2022, CBC filed a secured claim in the amount of $1,263,921.68 [Claim No. 1-1], which claim asserts security interests in various properties that were no longer owned by the Debtor as of the Petition Date, except for the three properties listed above;

**WHEREAS**, Claim No, 1-1 included a $32,000.00 secured claim amount that was associated with the Nautilus Property and for which there is no evidence of any deed of trust in existence or that was ever recorded;

**WHEREAS**, on September 24, 2021, the Debtor paid CBC the sum of $34,098.70 for an antecedent debt outstanding, the previously executed notes for the properties described above, as well as other properties for which were outstanding at the time of the payment (the "Preference Payment");

**WHEREAS**, the Trustee asserts the payment history was irregular and does not evidence regular monthly payments in the amount transferred on September 24, 2021;

**WHEREAS**, between August and September 2022, the Trustee sold the foregoing properties pursuant to bankruptcy court orders and based on CBC's consent to the sale with any liens attaching to such proceeds, while a full determination as to the liens is completed;

**WHEREAS**, to date, the sale of the above-described three properties generated the total sum of $980,178.24,[1] which total sum the Trustee is holding in the Estate's fiduciary accounts,[2] against liens asserted by CBC in the amount of $836,964.91 as of March 15, 2023, and accruing interest and fees ($120.71 per diem accrual) (together, the "Sale Proceeds");

**WHEREAS**, after her investigation, the Trustee determined that CBC recorded its security instruments in the foregoing listed real properties within 90 days of the Petition Date, and significantly after the 30 days provided for recordation pursuant to 11 U.S.C. § 547(e).  *See **Exhibit A***;

**WHEREAS,** specifically, all the Deeds of Trusts, as detailed above, were recorded **after** August 21, 2021: three (3) of the Deeds of Trusts were recorded on August 24, 2021, while four (4) were recorded on August 26, 2021;[3]

**WHEREAS**, the Trustee asserts that, pursuant to 11 U.S.C. §§ 547(b) and (e), the perfection of the liens, constitute preferential transfers that are subject to avoidance and recovery under 11 U.S.C. §§ 550 and 551;

**WHEREAS**, the Trustee further determined that on September 24, 2021, the Debtor paid CBC $34,098.70; which payment, the Trustee asserts, is subject to avoidance and recovery pursuant to 11 U.S.C. §§ 547(b) and 550(a);

**WHEREAS**, on January 4, 2023, the Trustee sent a demand letter to CBC demanding consent to an order: (a) determining the avoidance of its liens in the proceeds of the sale – such proceeds are currently held by the Trustee in the Estate's fiduciary account (such avoidance shall

---

[1]

| | |
|---|---|
| Holland Property | $ 342,496.92 |
| Nautilus Property | $ 338,040.58 |
| Graham Property | $ 299,640.74 |
| Total Held by Estate: | $980,178.24 |

[2]     The amount on hand is less any applicable bank fees.

[3]     For specific dates of recordation refer to the above detailed specific property/notes/deed of trust recording date information detailed in ***Exhibit A***

constitute the recovery by the estate of those lien amounts from the sale proceeds); and (b) determining the entirety of claim no. 1-1 as general unsecured claim (the "Demand");

WHEREAS, pursuant to the Demand, the Trustee requested that CBC be required to pay the bankruptcy estate, within twenty (20) days from the date of the Demand, the sum of $34,098.70;

WHEREAS, following good faith negotiations, the Trustee and CBC desire to settle and compromise this matter, on the terms set forth herein, to avoid the cost and uncertainty of further litigation; and

NOW THEREFORE, the Parties agree as follows:

1.    Settlement Agreement Terms.  CBC consents to the entry of an Order, in the form attached hereto as *Exhibit B*, as follows:

a.    Any lien, claim, security interest, mortgage, encumbrance (by CBC) is hereby avoided pursuant to 11 U.S.C. § 547(e) and the Sale Proceeds secured by such avoided lien shall be deemed recovered by the Trustee for the benefit of the estate per 11 U.S.C. §550.  Accordingly, CBC waives all right, title and interest in the Sale Proceeds and any claims resulting thereof except as set forth in 1(d) below;

b.    The Preference Payment is hereby avoided and shall be deemed recovered per 547(a) and 550(a). Said amount shall be reduced from any distribution to CBC. Claim 1-1 shall be reclassified and allowed in its entirety as a general, non-priority unsecured claim.

c.    Pursuant to 11 U.S.C. §§ 547(b) and (e), the perfection of the liens, constitute preferential transfers that are subject to avoidance and recovery under 11 U.S.C. §§ 550 and 551;

d.    Claim no. 1-1 shall be deemed a timely, allowed, general unsecured claim to be paid according to the Bankruptcy Code's priority scheme, pursuant to the terms of the foregoing Order; however, the preference sum of $34,098.70 will be treated as a dollar-for dollar-reduction against any distribution received by CBC.

e.    CBC waives any 11 U.S.C § 502(h) claim in the amount of $34,098.70.

2.    Upon receiving executed counterparts of the Settlement Agreement, the Trustee shall seek court approval of the Settlement.

3.    Bankruptcy Court Approval Required.  This Agreement is expressly conditioned upon approval of the Bankruptcy Court.

4.    Settlement Effective Date.  This Settlement Agreement shall become effective on the date when it has been duly executed by all signatories (the "Settlement Effective Date").

5.      No Admission of Liability.  Each of the Parties acknowledge this Settlement Agreement is a compromise of a disputed claim and is not intended to be construed as an admission of any liability by either Party.

6.      Entire Agreement.  This Settlement Agreement constitutes the complete understanding between the Parties and it cannot be altered, amended, or modified in any respect, except by a writing duly executed by both Parties.

7.      Voluntary Act.  Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Settlement Agreement.  The Parties acknowledge that they have read this Settlement Agreement in its entirety, fully understood its terms, and voluntarily accepted the terms set forth herein.  Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement and it is signing this Settlement Agreement of its own free will.

8.      Attorney Fees.  Each Party shall bear its own attorneys' fees and costs relating to the settlement negotiations and the negotiation and execution of this Settlement Agreement.

9.      Execution in Counterparts.  It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed as of March ____, 2023.


For Trustee:

By:_____

NICOLE TESTA MEHDIPOUR, Chapter 7 Trustee

Date: 4/28/23


For CBC Mortgage Agency:

By:_____

Print Name: _____

Date:_____

5.     No Admission of Liability.   Each of the Parties acknowledge this Settlement Agreement is a compromise of a disputed claim and is not intended to be construed as an admission of any liability by either Party.

6.     Entire Agreement.   This Settlement Agreement constitutes the complete understanding between the Parties and it cannot be altered, amended, or modified in any respect, except by a writing duly executed by both Parties.

7.     Voluntary Act.  Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Settlement Agreement. The Parties acknowledge that they have read this Settlement Agreement in its entirety, fully understood its terms, and voluntarily accepted the terms set forth herein.  Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement and it is signing this Settlement Agreement of its own free will.

8.     Attorney Fees.  Each Party shall bear its own attorneys' fees and costs relating to the settlement negotiations and the negotiation and execution of this Settlement Agreement.

9.     Execution in Counterparts.  It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed as of March _____, 2023.

For Trustee:

By:_____

NICOLE TESTA MEHDIPOUR, Chapter 7 Trustee

Date:_____

For CBC Mortgage Agency:

By: _Pam Cooper_____

Print Name: _Pam Cooper_____

Date: _4/24/23_____

## EXHIBIT A

| Property Address | Amount ($) of Notes / Deeds of Trust Recorded | Date Deed of Trust Executed | Date Recorded with County Recorder's Office | Recordation: No. of Days After Execution |
|---|---|---|---|---|
| Holland Property<br><br>404 Holland Avenue<br><br>Forked River, NJ 08731 | $77,450.00 | February 27, 2020 | August 26, 2021 | 546 |
| | $170,152.65 | February 10, 2020 | August 24, 2021 | 561 |
| | $44,450.00 | February 4, 2021 | August 26, 2021 | 201 |
| Nautilus Property<br><br>31 Nautilus Drive<br><br>Barnegat, NJ 08005 | $103,000.00 | February 13, 2020 | August 26, 2021 | 560 |
| | $109,350.76 | January 20, 2020 | August 26, 2021 | 584 |
| Graham Property<br><br>100 Graham Court NE<br><br>Fort Walton Beach, FL 32548 | $102,866.92 | October 22,2019 | August 24, 2021 | 672 |
| | $95,000.00 | April 23, 2020 | August 24, 2021 | 488 |
| **Total** | $702,270.33* (* Presently exceeding this amount) | | | |

**<u>EXHIBIT B</u>**

**PROPOSED ORDER**

*EXHIBIT B TO STIPULATION OF SETTLEMENT*

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

**In re:**                                          **CASE NO. 21-21042-BKC-MAM**

**CITY VISION NATIONAL**                            **Chapter 7**
**REVITALIZATION LLC,**

    **Debtor.**
_____/

**ORDER DETERMINING PREFERENCE TRANSFERS, AVOIDANCE, AND**
**RECOVERY OF SAME**

THIS CAUSE having come before the Court in connection with the agreement set forth in

*Chapter 7 Trustee's Motion for Order Pursuant to Bankruptcy Rule 9019 Approving Settlement and*

*Compromise Between Trustee and CBC Mortgage Agency; and Approving Allowance and Payment*

*of Fees and Costs to Special Counsel, Ido J. Alexander, Esquire of AlignX Law and Nicole Testa*

*Mehdipour, Esquire of the Law Office of Nicole Testa Mehdipour, P.A.* [ECF # ___] (the

"Motions"); that due and proper notice of the Motions was given by the Chapter 7 Trustee in

accordance with the applicable provisions of the Bankruptcy Code and the Federal Rules of

Bankruptcy Procedure; and the Court having reviewed the Motions, and having approved the terms

of the Settlement; and being otherwise duly advised in the premises, it is hereby:

**ORDERED THAT:**

1.      In connection with the transfer from the Debtor to CBC in the amount of $34,098.70

on September 24, 2021 (the "CBC Transfer"), the CBC Transfer is avoided pursuant to 11 U.S.C.

§547(b), and recovered for the benefit of the estate and its creditors, pursuant to 11 U.S.C. §550(a).

2.      Any and all perfected secured claims by CBC (as detailed in the Settlement and

Motion to approved the same) in the Sale Proceeds in the amount of $836,964.91 as of March 15,

2023, and accruing interest and fees ($120.71 per diem accrual), are hereby avoided pursuant to

11 U.S.C. § 547(e), and the amount of $836,964.91 shall be deemed recovered by the Trustee for

the benefit of the estate pursuant to 11 U.S.C. §§ 550 and 551.[11]

3.      CBC's Claim no. 1-1 in the amount of $1,263,921.68, shall be deemed a timely,

allowed, **general unsecured claim** in its entirety to be paid according to the Bankruptcy Code's

priority scheme. Further, the avoided amount of $34,098.70, as detailed above, shall be recovered

as a dollar-for dollar-reduction against any distribution received by CBC from the bankruptcy

estate, and not entitled to any further claim pursuant to 11 U.S.C. 502(h), in the same amount.

###

**<u>Submitted by:</u>**

Nicole Testa Mehdipour, Esquire

---

[11] For the avoidance of doubt, the entirety of the Sale Proceeds (as defined in the Settlement) is deemed estate property.

**LAW OFFICE OF NICOLE TESTA MEHDIPOUR, PA**
6278 North Federal Highway, Suite 408
Fort Lauderdale, FL 33308

*(Attorney Mehdipour shall serve a copy of the signed Order on all interested parties and file with the Court a certificate of service conforming with Local Rule 2002-1(F)).*

## EXHIBIT B:

### *PROPOSED ORDER APPROVING SETTLEMENT AND FEES AND COSTS*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    CASE NO. 21-21042-BKC-MAM

**CITY VISION NATIONAL**                   **Chapter 7**
**REVITALIZATION LLC,**

  Debtor.
_____/

**ORDER GRANTING MOTION FOR ORDER**
**PURSUANT TO BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AND**
**COMPROMISE BETWEEN TRUSTEE, NICOLE TESTA MEHDIPOUR AND CBC**
**MORTGAGE AGENCY; AND MOTION TO APPROVE ALLOWANCE AND**
**PAYMENT OF CONTINGENCY FEES AND COSTS**
**TO ESTATE COUNSEL**

THIS CAUSE having come before the Court for hearing on _____, 2023, at ___:____,

upon the *Chapter 7 Trustee's Motion for Order Pursuant to Bankruptcy Rule 9019 Approving*

*Settlement and Compromise Between Trustee and CBC Mortgage Agency; and Motion to Approve*

*Allowance and Payment of Contingent Fees and Costs To Estate Counsel* [ECF # ___] (the "Motions"); that due and proper notice of the Motions was given by the Chapter 7 Trustee in accordance with the applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure; and the Court having reviewed the Motions, the terms of the Settlement; and it appearing that no parties in interest having filed any objections to the Motions; and upon consideration of the factors set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), the Court finding that the proposed Settlement is fair, reasonable, and in the best interests of the estate; and being otherwise duly advised in the premises, it is hereby:

**ORDERED THAT:**

1.      The Motions are **GRANTED**.

2.      The Settlement as detailed in the Motions is **APPROVED**.

3.      The Court incorporates the terms of the Settlement into this Order.

4.      The Proposed Order, the form of which is attached as ***Exhibit A*** to the Settlement Agreement and detailed therein, shall be entered as a separate Order.

5.      The Trustee, CBC and counsel are hereby authorized, bound by, and directed to take any and all actions to effectuate the terms of the Settlement.

6.      The Trustee is authorized to pay Special Counsel, Ido J. Alexander, Esquire of AlignX Law, the total amount of $147,253.66, representing attorneys' fees of $146,468.86, and costs of $784.80.

7.      The Trustee is authorized to pay General Counsel, Nicole Testa Mehdipour, Esquire of the Law Office of Nicole Testa Mehdipour, P.A., the total amount of $146,468.86, representing attorneys' fees of $146,468.86, and costs of $0.00.

8.      The Court reserves jurisdiction to enforce the terms of this Order and the Settlement.

###

**<u>Submitted by:</u>**

Nicole Testa Mehdipour, Esquire
**LAW OFFICE OF NICOLE TESTA MEHDIPOUR, PA**
6278 North Federal Highway, Suite 408
Fort Lauderdale, FL 33308

*(Attorney Mehdipour shall serve a copy of the signed Order on all interested parties and file with the Court a certificate of service conforming with Local Rule 2002-1(F)).*