

ORDERED in the Southern District of Florida on January 16, 2025.

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | CASE NO. 21-21042-BKC-MAM |
| | |
| CITY VISION NATIONAL REVITALIZATION LLC, | CHAPTER 7 |
| | |
| Debtor. | |
| _____/ | |

### AGREED FINAL JUDGMENT AGAINST
### OCEAN TITLE LLC AND BRADFORD GEISEN

**THIS MATTER** came before the Court upon the *Chapter 7 Trustee's Motion for Order Pursuant to Bankruptcy Rule 9019 Approving Settlement and Compromise Between Trustee, Nicole Testa Mehdipour and Bradford Geisen and Ocean Title LLC; and Motion to Approve Allowance and Payment of Contingent Fees and Costs To Estate Counsel* (the "Motion") [ECF # 111] and the Order Granting the Trustee's Motion [ECF # 117]. The Court, having considered the Motion, the Stipulation for Compromise and Settlement Agreement (the "Settlement Agreement") between the parties, the record of proceedings, and the Court being otherwise fully advised in the premises, finds, adopt and incorporates the acknowledged and agreed to facts attached hereto and incorporated herein as **Exhibit "A"**, and that detailed that (i) the Trustee's investigation revealed transfers totaling $340,305.00, including $186,000.00 in escrow funds held by Ocean Title LLC, $82,000.00 in additional transfers to Ocean Title LLC, and $72,305.00 in transfers to entities controlled by or affiliated with Bradford Geisen, (ii) in exchange for the Trustee's agreement to

accept a reduced amount, the Settling Parties have consented to entry of this Final Judgment and waived any and all defenses and rights to contest same, and (iii) good cause exists for entry of this Final Judgment.

The Court further finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), and (O). Entry of this Final Judgment is appropriate pursuant to 11 U.S.C. §§ 105(a), 542, 544, 548, and 550, Federal Rule of Bankruptcy Procedure 9019, and Florida Statutes § 726.105. Through 11 U.S.C. § 544(b), the Trustee has the rights of an unsecured creditor to avoid transfers under applicable state law, including Florida Statutes § 726.105. The Settling Parties (as defined in the Settlement Agreement) have specifically consented to entry of this Final Judgment without the necessity of commencing an adversary proceeding pursuant to Bankruptcy Rule 7001, and the facts admitted in the Settlement Agreement provide sufficient basis for the relief granted herein under the statutory provisions.

Based on the foregoing findings, and the Court being otherwise fully advised in the premises, hereby --

**ORDERS AND ADJUDGES**, as follows:

1. Final Judgment is entered in favor of Nicole Testa Mehdipour, as Chapter 7 Trustee ("Plaintiff") and against Bradford Geisen and Ocean Title, LLC (collectively, "Defendants"), jointly and severally, in the amount of Two Hundred Sixty-Eight Thousand Dollars ($268,000.00), for which sum let execution issue forthwith.

2. The Agreement, including all recitals, admissions, acknowledgments, and terms, is expressly incorporated herein as findings of fact and conclusions of law of this Court, forming the basis for this Judgment.

3. In the event of default under the Settlement Agreement, Interest shall accrue on the unpaid balance of the foregoing judgment amount at the rate of 18% per annum from the date of any default under the parties' Settlement Agreement, plus attorneys fees and costs and court cost and recording fees, for all of which shall let execution issue forthwith. The Trustee may amend this Judgment to reflect any of the foregoing fees and costs in the event of Default under the Settlement Agreement.

4. The Court retains jurisdiction to enforce this Judgment.

###

**Submitted by:**

Ido J. Alexander, Esq.
AlignX Law
12555 Orange Drive, Suite 4159
Davie, FL 33330
Telephone (954) 686-7399
ija@alignxlaw.com

**Copies furnished to:**
Ido J. Alexander, Esq.

Attorney ALEXANDER is directed to serve copies of this order on all interested parties and to file a certificate of service.

**The above Agreed Final Judgment is agreed to by:**

**By:** *Nicole Mehdipour*
**Nicole Testa Mehdipour, Chapter 7 Trustee**
**For City Vision National Revitalization, LLC**

**Dated:** 12 / 09 / 2024

**By:** *Bradford R Geisen*
**Bradford Geisen, individually**
**and for Ocean Title, LLC**

**Dated:** 12 / 12 / 2024

## EXHIBIT "A" TO JUDGMENT
### (Agreed Finding of Fact)

1. On November 19, 2021 (the "Petition Date"), creditors Charles W. Uhrig Family Trust #1 and Charles W Uhrig Family Trust #2, by and through John Hoffmann as Trustee, and Regina Lanes, filed their Chapter 7 Involuntary Petition against City Vision National Revitalization, LLC (the "Debtor") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

2. On January 5, 2022, the order for relief in the involuntary case was entered, and on February 1, 2022, Nicole Testa Mehdipour was appointed as the Chapter 7 Trustee for the bankruptcy estate of the Debtor.

3. The Settling Parties, Ocean Title LLC and Bradford Geisen ("Settling Parties"), acknowledge that Ocean Title LLC held funds in the amount of $186,000.00 belonging to the Debtor's bankruptcy estate in Ocean Title's Escrow Account, which funds were held in a fiduciary capacity and were not associated with any closed real estate transactions ("Escrow Funds").

4. The Settling Parties acknowledge that during the two-year period preceding the Petition Date, while the Debtor was insolvent, the Debtor transferred additional funds totaling $82,000.00 to Ocean Title LLC accounts, which transfers had no connection to any real estate closings facilitated by Ocean Title ("Ocean Title Transfers").

5. The Settling Parties acknowledge that during the period from August 2021 through December 2021, while the Debtor was insolvent, the Debtor made transfers totaling $72,305.00 to entities owned or controlled by Geisen, including Geisen Enterprises ($39,000.00), BG Funding ($32,000.00), and directly to Geisen ($1,305.00) (collectively, the "Geisen Transfers").

6. The Trustee has identified claims against the Settling Parties arising under 11 U.S.C. §§ 542 (turnover of estate property), 544, 548(a)(1) and (a)(2) (fraudulent transfers), and 550 (recovery of avoided transfers), as well as and Florida Statutes § 726.105.

7. The Settling Parties acknowledge agree that:
   - The Escrow Funds were obtained and retained through false pretenses, false representations, and/or actual fraud.
   - The Escrow Funds were subject to a fiduciary duty and their retention constitutes fraud or defalcation while acting in a fiduciary capacity.
   - The retention of the Escrow Funds and the diversion of the Ocean Title Transfers and Geisen Transfers constituted willful and malicious injury to the Estate.
   - The Settling Parties' foregoing conduct as provided in recitals A through E, above, and as further acknowledged in recital F(1) through F(3), above, with respect to the conduct and Transfers satisfies all elements required in all respects under 11 U.S.C. §§ 542, 544, 548, and 550, and Florida Statutes § 726.105, and 523(a)(2), (a)(4), and (a)(6).

Doc ID: b6b9a12e3de829fc454f1ba716fa1e6178600c73