**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **CASE NO. 21-21042-BKC-MAM** |
| **CITY VISION NATIONAL REVITALIZATION LLC,** | **Chapter 7** |
| Debtor. _____/ | |

**MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AND COMPROMISE BETWEEN TRUSTEE, NICOLE TESTA MEHDIPOUR AND FIRST NATIONAL BANK OF OMAHA; AND MOTION TO APPROVE ALLOWANCE AND PAYMENT OF CONTINGENCY FEES AND COSTS TO ESTATE COUNSEL**

NICOLE TESTA MEHDIPOUR, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of City Vision National Revitalization LLC (the "Debtor"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, by and through undersigned counsel, hereby moves for entry of an Order authorizing the compromise and settlement agreement between the Trustee and First National Bank of Omaha ("FNBO") (together with the Trustee, the "Parties") which is attached hereto as *Exhibit A* (collectively, the "Settlement"); and also for approval of payment of fees and costs to Ido J. Alexander, Esquire of AlignX Law ("Special Counsel") and Nicole Testa Mehdipour, Esquire of the Law Office of Nicole Testa Mehdipour, P.A. ("General Counsel") pursuant to the approved contingency fee arrangement. In support of these Motions (the "Motions"), the Trustee states as follows:

## BACKGROUND

1. On November 19, 2021, certain petitioning creditors filed an Involuntary Petition for relief [ECF # 1].

2.     On January 5, 2022, the Court entered order for relief in involuntary case [ECF # 8], and on February 1, 2022, Nicole Testa Mehdipour was appointed Chapter 7 Trustee [ECF # 14].

3.     During the Trustee's administration of the Bankruptcy, the Trustee discovered that the Debtor may have made transfer(s) of monies to FNBO within the two year period prior to commencement of the Bankruptcy Case (collectively, the "Transfers"), potentially giving rise to a cause of action under 11 U.S.C. §§ 548 and/or 550.

4.     Pursuant to 11.U.S.C. § 546(a), the deadline for the Trustee to file any actions under 11 U.S.C. §§ 548 and/or 550 was due to lapse on January 5, 2024 (the "546 Deadline"). However, on November 29, 2023, the Parties executed a tolling agreement, tolling the applicable statute of limitation through March 30, 2024.

5.     On March 21, 2024, the Trustee commenced the adversary proceeding by filing a complaint (the "Complaint"), styled as Nicole Testa Mehdipour, Chapter 7 Trustee for City Vision National Revitalization v. First National Bank of Omaha d/b/a FNBO, Adversary Proceeding Case No. 24-01142-AP-MAM (the "AP Case").

6.     FNBO disputes the allegations raised by the Trustee and believes it has meritorious defenses in connection therewith.

7.     On December 18, 2024, the Parties participated in Judicial Settlement Conference that was adjourned and continued to January 31,2025.  Although it was impassed, the Parties continued their negotiations and ultimately reached a resolution.

8.     FNBO and Trustee have agreed to a settlement of the dispute to avoid litigation and to minimize expenses and costs to the bankruptcy estate.

9. FNBO has agreed to pay the Trustee $50,000.00 ("Settlement Amount") to resolve the claims relating to the alleged Transfers and waive §502h claims. The specific terms of the proposed settlement are set forth the Settlement, attached as **Exhibit "A"**.

## THE SETTLEMENT SHOULD BE APPROVED

10. Pursuant to this Motion, and in accordance with Bankruptcy Rule 9019(a), the Trustee respectfully requests that the Court enter an Order (i) approving the Settlement; (ii) directing the Parties to carry out the terms of the Settlement; and (iii) approving the Trustee's payment of the fees and costs to Special Counsel and General Counsel.

11. A starting point in analyzing any proposed settlement agreement is the general policy of encouraging settlements and favoring compromises. *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993) (recognizing that the law favors compromise of disputes); see also *Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996); *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960). The standard by which courts evaluate a proposed compromise and settlement is well established. In bankruptcy, the court should approve a proposed compromise and settlement when it is fair and equitable and in the best interests of the debtor's estate and its creditors. See *In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's Inc.*, 27 B.R. 798, 801 (D. Del. 1997); In re Texaco, 84 B.R. 893, 901-02 (Bankr. S.D.N.Y. 1988); *Depo v. Chase Lincoln First Bank, N.A. (In re Depo)*, 77 B.R. 381, 383 (N.D.N.Y. 1987), aff'd, 863 F.2d 45 (2d Cir. 1988).

12. Approval of a settlement in bankruptcy proceedings is within the sound discretion of the court, and will not be disturbed or modified on appeal absent a showing of abuse of discretion. *In re Arrow, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988); *In re Jackson Brewing Co.*, 624 F.2d 599 (5th Cir. 1980).

13. Under the well-established standard for consideration of the merits of a settlement, a settlement should be approved unless it "[falls] below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. at 1016; *In re Arrow Air*, 85 B.R. at 891; see also *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir.), *cert. denied sub nom. Benson v. Newman*, 409 U.S. 1039 (1972)).

14. In determining whether a settlement is within the range of reasonableness, the Court should consider four principal factors: (1) the probability of success in the litigation; (2) difficulties to be encountered in collection; (3) the complexity of the litigation and related expense and inconvenience; and (4) the interests of the creditors. *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (7th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990); *In re Bicoastal Corp.*, 164 B.R. at 1016; *In re Arrow Air*, 85 B.R. at 891; *see also In re Marvel Entm't Group, Inc.*, 222 B.R. at 249; *see also Aetna Cas. & Sur. Co. v. Jasmine, Ltd. (In re Jasmine, Ltd.)*, 258 B.R. 119, 123 (D.N.J. 2000); *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir.), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854 (1986). These factors seek to balance the probable benefit and potential cost of pursuing a claim or defense against the costs of the proposed settlement.

### *Probability of Success in Litigation*

15. In evaluating the proposed Settlement, the Trustee carefully considered the probability of success in litigating the Transfers. Though the Trustee maintains that litigation would yield a benefit to the estate in absence of a settlement, in evaluating the anticipated time and delay, any potential uncertainty of litigation and associated expense to the estate in continuing litigation, the benefits of the Settlement outweigh the costs.

*Difficulties in Collection*

16.     The Settlement involves the resolution of a cause of action by the Debtor's estate. The Trustee will have no difficulties in collection from FNBO, however, the Settlement will avoid any potential difficulty or uncertainty in having to litigate the Transfers.

*Complexity of the Issues and Attendant Expense and Delay*

17.     The Trustee recognizes that litigating the Transfers will be a time consuming and expensive process, which would not be in the best interests of the estate and creditors, and the Settlement will allow the Trustee to administer the estate more expeditiously.

*Interests of the Creditors*

18.     The proposed Settlement is in the best interests of creditors and the estate as it provides bankruptcy estate a total benefit of $50,000.00,[1] and is in the best in the best interests of creditors.

19.     Based on the foregoing, the Trustee submits that each of the standards established by *In re Justice Oaks II, Ltd.* has been satisfied, that the Settlement and the Settlement Amount falls well within the range of reasonableness, and that approval of the Settlement is in the best interests of the Debtor's estate.

## CONTINGENCY FEES AND COSTS SHOULD BE PAID WITH APPROVAL OF SETTLEMENT

*Terms of Retention of Professionals*

20.     On May 3, 2022, and effective as of March 3, 2022, the Court approved the Trustee's retention of Nicole Testa Mehdipour, Esquire of the Law Office of Nicole Testa Mehdipour, P.A., to serve as General Counsel pursuant to 11 U.S.C. §327(a), to assist with respect to many aspects of this case, and proposed to compensate on an hourly basis subject to allowance by this Court [ECF # 33].

---

[1] Total to be held by the estate less amount of contingency fees and costs paid.

On July 22, 2022 Ms. Mehdipour's retention was modified to a 17.5% contingency fee solely in connection with the pursuit of various potential avoidance actions under Chapter 5 of the Bankruptcy Code [Order, ECF #56, Motion, ECF #48, fn. 2]. Pursuant to the Motion and Order, the fees include, "without limitation, all work performed with respect to the Avoidance Actions, including without limitation, investigations, demands, filing of lawsuits if appropriate, settlements to extent reached, as well as prosecutions of post-judgment matters such as collection and execution." [Order, ECF #56, ¶ 3; Motion, ECF #48, ¶7].

21.    On May 3, 2022, and effective April 7, 2022, the Trustee also retained Ido J. Alexander of AlignX Law to serve as her Special Counsel pursuant to 11 U.S.C. §327(e) to assist and proposed to compensate him on an hourly basis subject to allowance by this Court [ECF # 34]. On July 22, 2022, Mr. Alexander's retention was modified to a 17.5% contingency fee solely in connection with the Avoidance Actions. Pursuant to the Motion and Order, the fees include, "without limitation, investigations, demands, filing of lawsuits if appropriate, settlements to extent reached, as well as prosecutions of post-judgment matters such as collection and execution." [Order, ECF #55, ¶ 3; Motion, ECF #50, ¶7].

### *Proposed Fees to Be Paid*

22.    Pursuant to the approved Contingency Fee Arrangement, the Trustee proposes to pay the following:

| **Professional** | **Fees** | **Costs** | **Total** |
|---|---|---|---|
| *Special Counsel*<br>Ido J. Alexander, Esquire of AlignX Law | $8,750.00[2] | $369.30[3] | $9,119.30 |

---

[2] The contingent fee is calculated based on the amount to be avoided and recovered.

[3] Costs include adversary proceeding filing fees, and postage/express mail.

| *General Counsel* <br> Nicole Testa Mehdipour, Esquire of the Law Office of Nicole Testa Mehdipour, P.A. | $8,750.00[4] | $0.00 | $8,750.00 |
|---|---|---|---|

23.     Accordingly, the Trustee requests authority to award and pay the foregoing fees and costs upon approval of the settlement.

**WHEREFORE**, Nicole Testa Mehdipour, the Trustee, respectfully requests that the Court enter an Order, in substantially the forms attached hereto as ***Exhibit B*** to this Motion: (i) granting the Motions; (ii) approving the Settlement; (iii) authorizing, and directing the Trustee and counsel to take any and all necessary actions to effectuate the terms of the Settlement in a timely and expedited manner; (iv) approving and authorizing the Trustee's payment to Ido J. Alexander, Esquire of AlignX Law, in the total amount of **$9,119.30**, representing attorneys' fees of **$8,750.00**, and costs of **$369.30,** to Ido J. Alexander, Esquire of AlignX Law; (v) approving and authorizing the Trustee's payment to Nicole Testa Mehdipour, Esquire of the Law Office of Nicole Testa Mehdipour, P.A., in the total amount of **$8,750.00**, representing attorneys' fees of **$8,750.00**, and costs of **$0.00**; and (vi) granting such other and further relief as this Court deems just and proper.

---

[4] See FN # 2.

Dated: February 7, 2025

        **LAW OFFICE OF NICOLE TESTA MEHDIPOUR, P.A.**
*General Counsel for Trustee*
6278 N. Federal Highway, Suite 408
Fort Lauderdale, FL 33308
Tel: (954) 858-5880   Fax: (954) 208-0888

/s/ Nicole Testa Mehdipour
Nicole Testa Mehdipour
Florida Bar No. 177271
NicoleM@ntmlawfirm.com

-and-

**ALIGNX LAW**
*Special Counsel to the Trustee*
12555 Orange Drive, Suite 4159
Davie, Florida 33330
Telephone: (954) 686-7399

By:/s/ Ido J. Alexander
    IDO J. ALEXANDER, ESQ.
    Florida Bar No. 51892
    ija@AlignXLaw.com

# EXHIBIT A

# SETTLEMENT AGREEMENT

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (hereinafter, the "Settlement" or "Agreement") is made and entered into by and between Nicole Testa Mehdipour in her representative capacity as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of City Vision National Revitalization LLC (the "Debtor") and First National Bank of Omaha d/b/a FNBO ("FNBO"). The parties to this Settlement are collectively referred to as the "Parties" or singularly as "Party."

## RECITALS

A. On November 19, 2021 (the "Petition Date"), creditors Charles W. Uhrig Family Trust #1 and Charles W Uhrig Family Trust #2, by and through John Hoffmann as Trustee, and Regina Lanes, filed their Chapter 7 Involuntary Petition against City Vision National Revitalization, LLC, in the bankruptcy case styled as *In re City Vision National Revitalization LLC*, Case No. 21-21042, in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"). On January 5, 2022, the order for relief ("Order for Relief") in the involuntary case was entered, and on February 1, 2022, Nicole Testa Mehdipour was appointed as the Chapter 7 Trustee for the bankruptcy estate of the Debtor (the "Estate").

B. During the Trustee's administration of the Bankruptcy, the Trustee discovered that the Debtor may have made transfer(s) of monies to FNBO within the two year period prior to commencement of the Bankruptcy Case (collectively, the "Transfers"), potentially giving rise to a cause of action under 11 U.S.C. §§ 548 and/or 550.

C. Pursuant to 11.U.S.C. § 546(a), the deadline for the Trustee to file any actions under 11 U.S.C. §§ 548 and/or 550 was due to lapse on January 5, 2024 (the "546 Deadline"). However, on November 29, 2023, the Parties executed a tolling agreement, tolling the applicable statute of limitation through March 30, 2024.

D. On March 21, 2024, the Trustee commenced the adversary proceeding by filing a complaint (the "Complaint"), styled as *Nicole Testa Mehdipour, Chapter 7 Trustee for City Vision National Revitalization v. First National Bank of Omaha d/b/a FNBO*, Adversary Proceeding Case No. 24-01142-AP-MAM (the "AP Case").

E. FNBO disputes the allegations raised by the Trustee in the Complaint and believes it has meritorious defenses in connection therewith.

F. On December 18, 2024, the Parties participated in Judicial Settlement Conference that was adjourned and continued to January 31,2025. Although it was impassed, the Parties continued their negotiations and ultimately reached a resolution.

G. Trustee and FNBO have agreed to settle the dispute to avoid litigation and to minimize expenses and costs to the bankruptcy estate and FNBO.

NOW, THEREFORE, in consideration of the foregoing facts and the terms, conditions, agreements, representations, and covenants set forth herein, the Parties agree as follows:

## AGREEMENT

1.     <u>Approval</u>. The Parties acknowledge and agree that this Settlement is subject to the approval of the Bankruptcy Court and, therefore, will not be binding until such approval order has been granted and becomes final and non-appealable (the "Approval Order"). In the event approval is not granted by the Bankruptcy Court, the Settlement Amount, as defined below, will be promptly returned to FNBO.

2.     <u>Settlement</u>. The Trustee and FNBO agree to compromise their dispute concerning the Transfers, for the total settlement amount of $50,000.00 (the "Settlement Amount"), payable as follows:

    a.     *Payment to Trustee:* FNBO will pay to "Nicole Testa Mehdipour, Chapter 7 Trustee" (the "Payee") the sum of $50,000.00 (the "Settlement Amount") within ten (10) days of FNBO's counsel's receipt of the fully executed Agreement.

    b.     If the Trustee receives the Settlement Amount prior to entry of the Approval Order, the Trustee shall hold the Settlement Amount in trust pending the entry of the Approval Order or, if there is an appeal, until entry of a final order with respect to the appeal.

3.     <u>Claim Waiver</u>. FNBO will waive any claims under 11 U.S.C. § 502(h) for the Settlement Amount.

4.     <u>Default</u>. In the event that FNBO fails to make the Payment as provided in this Settlement, the Trustee will provide written notice of the default to FNBO via e-mail to counsel, with an opportunity to cure the default within seven (7) calendar days of such notice (the "Cure Period"). Notice as provided in this Settlement will constitute good and sufficient notice for purposes of this paragraph. If FNBO does not cure the default within the Cure Period, this Settlement may, at the option of the Trustee, be enforced for the terms contained herein, including without limitation for the Settlement Amount, or in the alternative, the Trustee, at her discretion, may deem it null and void and the Trustee may continue with the AP Case.

5.     <u>Mutual Release</u>. The Parties agree that payment of the Settlement Amount will constitute full consideration for this Settlement and the releases and covenants herein and will constitute a complete accord and satisfaction for any amounts claimed to be owed by FNBO to the Trustee. Accordingly, the Parties make the following mutual releases:

    A. The Trustee, on behalf of herself in her capacity as Trustee, and on behalf of the Debtor, the Debtor's bankruptcy Estate, and the Estate's respective agents, employees, successors, assigns, heirs, attorneys, and representatives (the "Trustee Parties"), hereby release, waive, acquit and forever discharge FNBO and it officers, directors, agents,

employees, and attorneys (the "FNBO Parties"), from any and all actual or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys' fees, liabilities, and indemnities, of any kind or nature whatsoever,, whether known or unknown, anticipated or unanticipated, suspected or unsuspected, which the Trustee Parties may have or may hereafter have or claim to have, or which might have been alleged, against the FNBO Parties with respect to the Transfers or that otherwise arise from Chapter 5 of the Bankruptcy Code or similar state statutes, except for those obligations provided by this Settlement, which will survive this release. The Trustee and the Trustee Parties acknowledge that they or their attorneys may hereafter discover facts different from or in addition to the facts that they now know or believe to be true as to the subject matter of this Agreement, but that it is their intention to hereby fully and finally release the claims set forth in this paragraph, notwithstanding the discovery of any such different or additional facts.

B. FNBO on behalf of itself and the FNBO Parties hereby release, waive, acquit and forever discharge the Trustee Parties from any and all actual or potential claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorneys' fees, liabilities, and indemnities, of any kind or nature whatsoever whether known or unknown, anticipated or unanticipated, suspected or unsuspected, which the FNBO Parties may have or may hereafter have or claim to have, or which might have been alleged, against the Trustee Parties with respect to the Transfers, except for those obligations provided by this Settlement; and provided that this release does not extend to any contractual obligations (including charges on credit or charge cards) by any entity or individual other than the Debtor. FNBO and the FNBO Parties acknowledge that they or their attorneys may hereafter discover facts different from or in addition to the facts that they now know or believe to be true as to the subject matter of this Agreement, but that it is their intention to hereby fully and finally release the claims set forth in this paragraph, notwithstanding the discovery of any such different or additional facts.

5. <u>Authority</u>. Each Party signing this Settlement, and any other documents executed in connection with this Settlement, whether signed individually or on behalf of any person or entity, warrants and represents that he or she has full authority to so execute this Settlement on behalf of the Parties on whose behalf he or she so signs. Each Party signing this Settlement separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement and will survive execution of this Settlement.

6. <u>No Admission of Liability</u>. Each of the Parties understands and agrees that this is a compromise of disputed claims made in order to avoid the significant costs and uncertainties of litigation and that the promises made in consideration of this Settlement will not be construed to be an admission of any liability or facts whatsoever by any Party. By executing this Settlement, the Parties expressly deny any liability or fault related to their dispute.

7. <u>Entire Agreement</u>. This Settlement contains the entire understanding and agreement between and among the Parties hereto with respect to the matters referred to herein. No other representations, covenants, undertakings, or other prior or contemporaneous agreements, oral or written, respecting such matters, which are not specifically incorporated herein, will be deemed in any way to exist or bind any of the Parties

4855-3815-7750.v1

Doc ID: d25c91288d0280b8bc899def9dffe003bd549418

hereto. The Parties hereto acknowledge that each Party has not executed this Settlement in reliance on any such promise, representation, or warranty not expressly contained in the Settlement.

8. <u>Amendment</u>. This Settlement may not be amended or modified unless such amendment is made in writing and executed by all of the Parties hereto.

9. <u>Binding on Successors, Assigns and Others</u>. This Settlement and the covenants and conditions contained herein will apply to, be binding upon, and inure to the heirs, executors, administrators, conservators, trustees, agents, legal representatives, successors, and assigns of the Parties hereto including, but not limited to, any subsequent committee, bankruptcy trustee, plan administrator, or liquidating trustee.

10. <u>Advice of Counsel</u>. The Parties acknowledge that they have been (or have had the opportunity to be) represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement and that they have read this Settlement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of this Settlement, and each Party understands the terms and provisions of this Settlement and its nature and effect. Each Party further represents that they are entering into this Settlement freely and voluntarily, relying solely upon the advice of their own counsel if applicable, and not relying on representation of any other Party or of counsel for any other Party.

11. <u>Attorneys' Fees and Costs</u>. The Parties understand and agree that each Party will bear its own respective attorneys' fees and costs, and neither Party will have any further monetary claims against the other.

12. <u>Notice</u>. All notices, requests, demands, and other communication under this Settlement, other than the payment of the Settlement Amount, which will be directed as stated above and in Exhibit A hereto, will be in writing and may be delivered via e-mail as follows:

If to Trustee:    Nicole Testa Mehdipour, Chapter 7 Trustee
c/o Ido J. Alexander, Esq.
AlignX Law
Via E-mail to: ija@alignxlaw.com

If to FNBO:    Via email to Eric Haug, Esq.
at eric@erichaug.com

13. <u>Counterparts and Facsimiles</u>. This Settlement may be executed in multiple counterparts, each of which will be deemed an original Settlement, and all of which will constitute one agreement. Any signature in counterpart provided via facsimile and or electronic mail with an Adobe PDF scanned attachment of this Settlement will be deemed an original signature. Electronic signatures through commercially available platforms (including but not limited to DocuSign, Adobe Sign, or other similar services) shall be deemed original signatures for all purposes under this Agreement.

-4-

14. <u>Further Assurances</u>. The Parties will execute and deliver all documents and perform all further acts that may be reasonably necessary to effectuate the purpose and provisions of this Settlement.

15. <u>Meaning of Pronouns and Effect of Headings</u>. As used in this Settlement and attached exhibits, the masculine, feminine and/or neuter gender, in the singular or plural, will be deemed to include the others whenever the text so requires. The captions and paragraph headings in this Settlement are inserted solely for convenience or reference and will not restrict, limit, or otherwise affect the meaning of the Parties' agreement.

16. <u>Recitals</u>. The foregoing recitals are true and correct and incorporated as if fully set forth herein.

17. <u>Construction</u>. This Settlement will be construed as if the Parties jointly participated in the preparation of this Settlement and any uncertainty and/or ambiguity will not be interpreted against any one Party.

18. <u>Jurisdiction</u>. The Parties agree to the Bankruptcy Court retaining jurisdiction over them for the purpose of enforcing the terms and covenants contained within this Settlement.

19. <u>Governing Law.</u> This Agreement is made and entered into under the laws of the State of Florida and Title 11 of the United States Code, and shall be interpreted, applied, and enforced under those laws. The Parties hereto agree that this Agreement shall be governed by the laws of the State of Florida and Title 11 of the United States Code, and any litigation concerning this Agreement shall be held in the Bankruptcy Court.

**CHAPTER 7 TRUSTEE**

By: *(signature)*
Name: Nicole Testa Mehdipour

Title: Chapter 7 Trustee for

City Vision National Revitalization LLC

Dated: 02 / 07 / 2025

**FIRST NATIONAL BANK OF OMAHA D/B/A FNBO**

By: *(signature)*

Name: Paul Osborne

Title: Managing Director

Dated: 2-6-2025

4855-3815-7750.v1

Doc ID: d25c91288d0280b8bc899def9dffe003bd549418

                                                                              Audit trail

| | |
|---|---|
| Title | City - FNBO - Settlement Agreement |
| File name | SA_executed_by_FNBO.pdf |
| Document ID | d25c91288d0280b8bc899def9dffe003bd549418 |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

## Document History

**SENT**  
**02 / 07 / 2025**  
13:01:07 UTC-5  
Sent for signature to Nicole Testa Mehdipour (nicolem@ntmlawfirm.com) from ija@alignxlaw.com  
IP: 99.38.230.90

**VIEWED**  
**02 / 07 / 2025**  
13:28:52 UTC-5  
Viewed by Nicole Testa Mehdipour (nicolem@ntmlawfirm.com)  
IP: 98.211.232.221

**SIGNED**  
**02 / 07 / 2025**  
13:32:58 UTC-5  
Signed by Nicole Testa Mehdipour (nicolem@ntmlawfirm.com)  
IP: 98.211.232.221

**COMPLETED**  
**02 / 07 / 2025**  
13:32:58 UTC-5  
The document has been completed.

Powered by Dropbox Sign

**EXHIBIT B:**

*PROPOSED ORDER APPROVING SETTLEMENT AND FEES AND COSTS*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| **In re:** | **CASE NO. 21-21042-BKC-MAM** |
| **CITY VISION NATIONAL REVITALIZATION LLC,** | **Chapter 7** |
| Debtor. | |
| _____/ | |

**ORDER GRANTING MOTION FOR ORDER**
**PURSUANT TO BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AND COMPROMISE BETWEEN TRUSTEE, NICOLE TESTA MEHDIPOUR AND AND COMPROMISE BETWEEN TRUSTEE, NICOLE TESTA MEHDIPOUR AND FIRST NATIONAL BANK OF OMAHA; AND MOTION TO APPROVE ALLOWANCE AND PAYMENT OF CONTINGENCY FEES AND COSTS TO ESTATE COUNSEL**

THIS CAUSE having come before the Court for hearing on _____, 2025, at ___:____, upon the *Chapter 7 Trustee's Motion for Order Pursuant to Bankruptcy Rule 9019 Approving Settlement and Compromise Between Trustee and First National Bank of Omaha; and Motion to Approve Allowance and Payment of Contingent Fees and Costs To Estate Counsel* [ECF # ____] (the "Motions"); that due and proper notice of the Motions was given by the Chapter 7 Trustee in accordance with the applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure; and the Court having reviewed the Motions, the terms of the Settlement; and

it appearing that no parties in interest having filed any objections to the Motions; and upon consideration of the factors set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), the Court finding that the proposed Settlement is fair, reasonable, and in the best interests of the estate; and being otherwise duly advised in the premises, it is hereby:

**ORDERED THAT:**

1. The Motions are **GRANTED**.

2. The Settlement as detailed in the Motions is **APPROVED**.

3. The Court incorporates the terms of the Settlement into this Order.

4. The Trustee is authorized to pay Special Counsel, Ido J. Alexander, Esquire of AlignX Law, the total amount of $9,119.30, representing attorneys' fees of $8,750.00, and costs of $369.30.

5. The Trustee is authorized to pay General Counsel, Nicole Testa Mehdipour, Esquire of the Law Office of Nicole Testa Mehdipour, P.A., the total amount of $8,750.00, representing attorneys' fees of $8,750.00, and costs of $0.00.

6. The Court reserves jurisdiction to enforce the terms of this Order and the Settlement.

###

*Submitted by:*

Nicole Testa Mehdipour, Esquire
**LAW OFFICE OF NICOLE TESTA MEHDIPOUR, PA**
6278 North Federal Highway, Suite 408
Fort Lauderdale, FL 33308

*(Attorney Mehdipour shall serve a copy of the signed Order on all interested parties and file with the Court a certificate of service conforming with Local Rule 2002-1(F)).*